You may proceed counsel Deputy Attorney General Robert Murkowski from the California Attorney General's Office here on behalf of defendants Appellants, California Highway Patrol and officer Sergio Flores. I'd like to reserve if I may three minutes of my time for rebuttal May it please the court This is a qualified immunity case and the court should find that the doctrine of qualified immunity applies to both of the federal claims in this action I'm going to start today by talking about the arrest claim and then I'll move on to the excessive force claim and if there's any Time remaining I'll address the the issue of jurisdiction over the state law claims So starting first with the question of qualified immunity for the arrest There are three independent reasons why this court can reverse the lower court But the most straightforward is the second prong of the qualified immunity test here we have two competing interests on the part of the fire department and Plaintiff Gregoire there was a competing there was an interest in Management of the scene in terms of taking care of the patients who are present on the scene That's their perspective from CHP's perspective There's a substantial is a very important competing interest in protecting passing motorists who are going by a freeway That's partially blocked by fire engines and by by a squad car and by an ambulance from Subsequent accidents being injured or being killed on a busy freeway at night So we have these two competing incident to competing interests and against that we have a set of state statutes That don't explain what consultation means and they don't explain which of these competing interests predominates But doesn't the that case the County of San Bernardino versus City of San Bernardino kind of outline who's in charge of what? In terms of emergency scene operations. Yes, and the statutes give a general outline clear that that the Police are in charge of the scene management, but medical personnel are in charge of patient care decisions, right? Yes, but the specific provision that issue there comes down to count to health and safety code 1798.6 which says that Priority goes to persons exposed to the most serious risk It doesn't say how you figure that out It's the most serious risk the patients who are on the ground who were recovering from the accident This is a case of disputed facts, and I realize that the parties have different stories Suppose we take this look at the facts in the light most favorable to Gregor the non-moving party and his witnesses they all seem to say that He was actually attending physically to a patient when he was arrested by Flores Yes, but it is also undisputed that In the in the words of the the lower court that Flores officer Flores faced concerned about Secondary secondary accidents and there are disputed I mean there are undisputed facts which established that officer Flores talked to the firefighters and officer Kolunga talked to the firefighters which officer Flores overheard. So this court takes plaintiffs version any other case We're at the scene of an emergency police officer Arrested someone who's attending to someone medically I'm not aware of a reported case And for that reason alone the second prong of the qualified immunity test applies here. There have been situations I believe actually I'm not sure this is reckless things outside the record I'm saying is you ever seen is there any other case that you know, it's out there we're not aware of any we're not aware of any case that has addressed a situation even remotely like this your honor and For that reason alone That's a simple reason why the qualified immunity test for the second prong of the qualified immunity test to apply here Or it could be that it's just such an outrageous thing to do that. Nobody's ever done it So your honor refers to the the obviousness exception to qualified immunity. This court has recently defined obviousness as Conduct so flagrantly unlawful that few dare its attempt this case defies Obviousness because we have a state statute which contains an inherent contradiction when you have an EMT who is can doing who's engaging in their duties and that EMT is arguably in conflict with the CHP officer engaging in their duties who wins We don't know. Yeah, California state statutes don't explain that we're not aware of any case law that explains that so it's hard to say that This is so flagrantly unlawful Because there's no explanation for what qualifies as unlawful. Were there ever charges brought against Gregor? No, there were no charges brought against. Mr. Gregor So going back to the obviousness question very very quickly If there were a definition of consultation and there were case law in that particular case law from the circuit then we might get into an obvious in the zone or if there were Obviously applied in excessive force cases involving extreme examples of excessive force. That's just not the situation that we have here and it is that it is an open question whose interest predominates if you have a patient on the ground and someone attending to them and Concern which is undisputed and recognized by the lower court That the next person is going to ram into the back of one of these vehicles That's blocking the freeway and get injured or killed, you know who gets priority We we don't know CHP doesn't know firefighters don't know and there that's why they're supposed to consult about it But we don't have a definition of consult either. So, how does that get figured out? When we have all of these questions, which cannot be answered I Agree with that but consult one regular definition of consult is to seek information or advice from that's a pretty pretty plain language Definition of consult if you use that definition, that's what happened officer Columbo went and talked to the firefighters asked them to move their trucks. They didn't he asked them. Why are you not moving them? They gave their explanation under that plain language definition Consultation would have happened within the meaning of a statute, but we don't even have that here We don't know if that's good enough or not and a CHP officer in a developing situation On the ground who has to make some quick decisions in the interest of public safety Needs to have some discretion to make a decision that we might afterwards say was not prudential That's what qualified immunity does it protects their discretion in these rapidly evolving situations? And sometimes in the application of 2020 hindsight, we may say that may not have been the most advisable thing to do But again 2020 hindsight doesn't apply to the situation here So Colombo wouldn't talk to the firefighters, but Flores didn't well Flores also spoke to mr. Gregoire, but he it's undisputed That he further overheard Columba speaking to the firefighters and specifically asking them, you know Hey, why have you not yet moved these fire trucks and the explanation was? The explanation was that they were engaged in patient care, although I don't think that's technically part of the record I think it's inferred can be inferred that it's part of the record and that's certainly what Gregor says, right? Yes Yes, not as plain as versions of the facts But it's also undisputed that California Highway Patrol had a competing interest in protecting passing motorists from getting into a severe accident So that's a that's a good question It turns out the only person who's qualified to move the fire truck and you know No one found this out until after the arrest happened was mr. Gregoire Captain Albright himself later said I believe around the same time that he was not qualified to move the fire truck I don't want to go into it Anyway, go on. How much time did you want to save? I have a question for counsel if I may Let's put the arrest aside for a moment and Let's say I assume That there's not clearly established law and someone's got to be the captain in that situation and and so the plaintiff Still how how can it be justified on the excessive force claim? for police to put like a an EMT in handcuffs Which also were alleged to be to tap I mean As I looked at this it looked like an unusual case of two two good guys getting in just you know Dispute a cop an EMT if the dispute required an arrest Why did the why did the police? Put the EMT Gregoire into cuffs So again, we're getting to the distinction between what is within the scope of discretion and what is prudential Looking back at the situation. We may say it was not prudential or advisable to put a firefighter into into handcuffs But it is standard practice everywhere during the course of an arrest to place the person in handcuffs Officer Flores did not know at the time Whether this individual he was placing under arrest would behave like a normal individual under arrest or would respond with a substantial amount of adrenaline So he did the standard procedure, which is to place that person in handcuffs as to the the tightening of the handcuffs Again, the best answer here comes from the second prong of the qualified immunity test We again, we don't have a case on point which deals with this specific situation Which is we have to remember two important facts. One is that there was no physical injury. It's undisputed that Gregoire was not harmed. He didn't have any bruises. Nothing. The other the other fact that's important to recognize here is Plaintiff says oh, you know, he asked for the handcuffs to be tightened and they were or yes Loosened loosened and they were just tightened. That's actually not what the record shows the page when the page is cited by plaintiff record at 93 Is an admission by plaintiff where he asked for them to be loosened then they were locked Which had the effect of making them a tighter. So we have these we have these two interesting features handcuffs requested to be loosened but which were tightened to a point short of causing injury and Plaintiff admits they were locked which is a procedure to prevent them from causing injury Could is it beyond debate that every single reasonable officer would know that you can't do that based on existing law? No And in fact, there are some situations where a reasonable officer might think that Handcuffs which can be tightened to some point short of causing injury should be tightened. So again, we don't have a case on point and This is one of those areas We might not it might not be advisable to have a case on point because we're dealing with excessive force in the sense of the minimum amount you know for excessive force you need to have a viable claim not a not an extreme case of an excessive force like a you know shooting or something like that and we're getting very close to traipsing all over the legitimate scope of officer discretion and we want to avoid a situation where the You know the hand the manual of handcuffing procedure was written entirely by the judiciary So as a as a prudential matter here when there's no injury when we have no cases Which which are on all fours all threes all twos with this Then the safest thing to do is say the second prong of the qualified immunity test Apply and counsel is there evidence in the record supporting? the point you made in response to my question saying that all officers Put people at handcuffs whenever they make an arrest I Believe that's a There's there aren't there isn't evidence in the record that I'm aware of That I can cite offhand, but I believe that is a well-recognized principle in in this circuits jurisprudence And I believe it's in the statement also appears in one of the cited cases I think it's low on them. I'm blanking on the specific case. I I'm under three minutes. I would like to reserve the reign of my time for a bottle if I may Good Morning your honors judge Gould. My name is Jeremy Robinson. I represent the Pele Jacob Gerboir in this case Your honors you had mentioned at the beginning of my colleagues argument that this is a case Involving a lot of disputed facts, and I think that's one of the key things that needs to be kept in mind When looking at the district courts ruling here one of the problems I believe with the CHP's argument is that it tends to flow from their version of what they think happened and They then take that and say well under our version of these facts We're entitled to qualified immunity But of course the opposite is what you're actually supposed to do at this stage And so you have to start from the premise that we're working from mr. Greg Wars Version of the fact my understanding of this is that the mr. Officer Flores could still be entitled to qualified immunity depending on what facts are found by the jury If I'm understanding your question correctly it is possible Yes, that the case could be tried to the jury and depending on what factual findings the jury makes Officer Flores could be titled entitled to qualified immunity But it's also possible that the jury could make a finding of fact Where he would not be entitled to qualified immunity, which is why the summary judgment Correct correct Yes, that's that's exactly true so I think you know the the legal issue that they've raised relates to the Clearly established part of the qualified immunity analysis and this it was just sort of mentioned in passing in the district court It wasn't really even made an issue there, but they've made it an issue on this appeal So I wanted to address that part of it But I do think you because the law and the Supreme Court has continually told us that we have to look at these specific Factual parameters and not just sort of a broad brush of what happened. It's important to get a few facts out there from mr. Gregoire's perspective the first being that He was by his admission and by several other people's admission engaged in patient care at the time that this happened Mr. Flores officer Flores an officer maybe officer Columbia say that they didn't see that But we take that as true for the purpose of this particular situation in addition officer Flores had placed a Parked behind the fire trucks and the ambulance on the freeway So he had already established a protective zone behind these to eliminate or at least minimize the risk that someone was going to crash into the back of the fire trucks and There was some dispute about whether the ambulance was in the freeway or not in the freeway But again, Captain Albright says that he believes that it was we take that as accepted at this time So the one of the critical components which my colleague mentioned is he believed there was some level of consultation between officer Columbia and maybe to a left lesser extent officer Flores and The fire department but the record does not reflect that unless you consider a consultation to be I Command you to move your truck. That's essentially the level of consultation that there was if you look at officer Columbia's Declaration and that is I have it in here just a second That's page 180 of the excerpts of record and I'm looking at page 183 He said I had conversations with the members of the other two fire crews to ask them to move their trucks into the center median That's the extent of the consultation I mean that I know my colleague said he maybe asked them why they didn't move their trucks and there are some colloquy about that But there's no record of that. That's that's not part of our record on appeal here. Essentially what we have Yes, if I could ask you a question. Yes along the lines of what I asked your Friend on the other side of the case Is there any authority? Pre-existing some case law that says that if we Had the situation Where one I'll call him a good guy then EMT is Doing some medical care in an accident But a police officer a second good guys on the scene and has to try to Keep traffic lanes open For purposes of Avoiding another accident. Is there any law that says in those circumstance? the police officer has to defer to the to the EMT if the empties working on a patient There is no case on point on that. I think both sides will will agree to that point What our position is is that the statutes themselves are clear and unambiguous in this particular fact pattern again when you're looking at the facts as They are construed in most favorable terms to mr. Gregoire because the statutes do require they say shall consult they require some level of Consultation by the CHP or whoever's in charge With the emergency medical technicians before making some decisions that affect patient care So there may be some gray areas out there where? There was a consultation and there was some disagreement between the people about whether the you know Who gets priority things of that sort? I can see there may be some circumstances But I don't think this is one of them because there wasn't any consultation So if you just look at the terms of the statutes themselves They're not ambiguous on that point And I don't think you need a case to have addressed that particular circumstance to understand the statutes And I should point out officer Flores himself references these statutes as a basis for making his arrest So there's no claim that he was mistaken about the law or he didn't understand Or that they weren't clear and he wasn't sure exactly what he was supposed to be doing Rests on the shall consult and your version and your version of the fact is that he didn't consult and that's a clear mandatory duty under the statute and the defense is that He did consult so that's what the battle is going to be about at trial That's certainly a big part of it. I mean, I can't speak for them for their defense But that appears to be the position they're taking They their briefs suggest that they believe he did what was required under the statute by way of some Consultation is there any definition of consult or we just look at the ordinary meaning of consult in this case I think you can look at the ordinary meaning of consult and in fact, I would be happy to accept their definition of it because he defined it as Requesting information from or talking, you know getting information from and Again, if you look at the the facts the declarations, there was no exchange of information with officer Kalunga. He didn't say Okay, you know I have this concern. I understand you all are taking care of patients, but I'm also worried about this other circumstance We need to work this out. Let's try to figure out what's the best thing to do It could have probably had someone else attend to the patient. Well Gregor moved the truck if that was Probably. Yes other firefighters there, right? Yes. There are there were other firefighters there and other EMTs there Other paramedics there. Yes So it sure they could have made that kind of an arrangement to have someone else take over what mr Gregor was doing and have mr. Gregor move the truck out of the way But that's not how the facts actually unfolded again just sort of to reiterate Officer Kalunga by his own testimony said I came over and I said get move the trucks out of the way I'm you know, they're blocking these lanes. There was no Back-and-forth about information again of you know, I understand there's priorities and let's work this out get your trucks out of here officer Flores overheard that and There was no consultation by him either. He didn't say okay. I heard officer Kalunga talking to you, you know Let's try to figure out how we can get this done. I'm worried about this. He said move your truck. That's it Curiosity question. How did Flores know Gregor was the guy to ask to move the truck? He originally asked captain Albright who was also on the truck. Whose truck is this? And captain Albright said well, it's our truck And mr. Gregor is the driver. He's the engineer of the truck so Officer Flores then knew that Gregor was the person to tell the command to move the truck Okay, and what what fire department was this which city it wasn't San Diego was no No, the city of Chula Vista. It's a city, South San Diego County the smaller city, correct? Correct? Yes, this was outside the city of San Diego territorial bounds, but council could you at some point? Please address the excessive Force issue. I wondered if you agreed with your Colleague on the other side of the case that Anytime there's an arrest It's reasonable to handcuff somebody. I Don't agree with that And I would challenge them to come up with something that says that's the case There's nothing in the record Statements by anyone declarations by experts anything else like that That would suggest that every time someone is arrested they're put in handcuffs I mean, I I'm not an expert in police procedure myself, but that seems unreasonable to me And again, I haven't seen anything in the record on this case that says that's the way the police normally operate and in fact Mr. Gregor said, you know, let's let's work this out after Officer Flores said I'm gonna have to arrest you. Mr. Gregor said can't can we just work this out? And Flores said no Put the handcuffs on him and put him in the car and I will know there was my colleague said something about the the tightening of the handcuffs and he referenced one section in the Er, but there's another section 140 to 141. This is the deposition of mr. Gregor where he said You know, what did what did officer Flores do after you you asked him if he could loosen the handcuffs and Gregor said? He tightened to them. That's page 140 of the ER So there's clear testimony from mr. Gregor that he believed at least from his perception that the handcuffs were tightened and We did cite several cases You know If you want to talk about clearly established law, there's several cases that say tightening of handcuffs when it's not justified Can qualify as excessive force. I don't think that's really a disputed point of law I don't think you need a specific case that says if a police officer CHP officer arrests a firefighter and Tightens the handcuffs that can be excessive force I think you can extrapolate the general principle that that's going to be excessive force in this circumstance So again, I I don't agree with the idea that this is ordinary procedure And I haven't seen anything in this case or elsewhere that suggests that it is I'm getting short on time. So the the one other aspect I wanted to very briefly address You know that the state has appealed all of the state law causes of action related to this claim as well and As we've argued I don't believe this court Should exercise jurisdiction to consider those claims. This is an interlocutory appeal on qualified immunity it's not an appeal after a final judgment where those things are generally going to be thought of and The test for qualified immunity and the test for liability under the Bain Act civil code 52.1 or assault and battery things like that are different So resolving the qualified immunity issue doesn't resolve those particular claims And so I would say regardless of the outcome on that that the court should remand the state law claims So, I I believe it looks like my time is about up again on the qualified immunity Just to get back to the arrest very briefly. I believe the law is clear by statute We don't need a case that's addressed this particular circumstance I'll admit there isn't one but the statute itself says that you have to do this consultation Again, there may be some circumstances where that becomes confusing or an issue. This case is not one of them There was no consultation at all. No consultation does not equal some consultation under any structure So with that, I'll take a seat unless there any questions curiosity question. Yes. CHP is like a state police officer They're the they're the top guns, right? Fire department was Chula Vista. Yes, little guys. They are the little guys. There's some big bad guy Police officers use bad guy in their own country. I'm sure They're the dare that they're their head hunters on this scene so to speak and that's the way they acted That I'm your from your perspective, right that our perspective. Yes is correct that officer Flores basically marched on the scene He didn't he didn't talk to officer Kalunga at all. You know, they Reference this collective. I'm gonna see HP to Kalunga CHP also, right? So Kalunga gets there first He tells a couple people to move their trucks they do he tells a couple more people to move their trucks They don't Flores overhears that he marches on and says get your trucks out of here doesn't talk to Kalunga doesn't ask them You know, what are you doing with the patients? Can how can we get this done? He just he overhears that and he immediately takes command and says move get out. I'm in control and That's the end. All right, so I'm gonna take my seat I You dispute his characterization Of which part your honor of the CHP being the big guys on the block and they acted like it. I Dispute actually actually no, I think they do have a different set of interests I think they do have a different perspective on on the scene and and the nature of the risk to passing motorists that a Reasonable firefighter it might might have a different perspective on I think that as between reasonable CHP officers reasonable firefighters I think they are going to look at it in different ways Council referred a lot to disputed facts. We're not relying on disputed facts or disputed issues of fact That floor is actually consulted with Gregor I'm not exactly we're not saying that he consulted or didn't consult because that would be a disputed issue of fact What we're saying is based on the undisputed facts That's fact 63 appellate record 59 fact 64 appellate record 59 also that he overheard officer Kalunga talking to the right, but doesn't he have a mandatory duty under that one statute that says he shall consult to consult Yes, and what we're what we're saying is a you have to prove it trial that he consulted No, we don't because it just has to be clear to every single reasonable officer Beyond debate that that was not consultation to lose qualified immunity or stated differently As long as as long as a reasonable officer could think could believe that that was consultation. Okay, that's what you have to show Yes, and so we don't need to go to trial for that Officer could think that ordering and the the firefighter to move the truck Constituted consultation. Yes, it has to be beyond debate and because we don't have a definition of consultation It's not beyond debate Well, if we use the ordinary definition which is to seek information advice from Then officer Flores overheard officer Kalunga asking the group why they had not yet moved their engine So he's seeking advice from them or not seeking advice seeking information from them, which is the normal definition of consultation So a reasonable officer could believe that was consultation whether or not as a factual matter at trial that turned out to be consultation So that that's our point and counsel admits. There's no case on point here. Now. She says so, you know, I'm just curious because Judge gold said something that puts this sort of in a perspective for me, which is Look you guys your clients are both they're supposed to be cooperating at this scene of this accident to ensure the public safety and the and the health of the people involved in the accident Why I can't you guys just resolve this settle this I mean it seems like you're spending a lot of money fighting this and when I Mean, you're not fighting for some grand principle here. You're not opposed to each other. Really? Right. This is so we quote Davis v. Scherer in the in the briefing and Davis v. Scherer has a has a good a good answer to that question and if I may quote The officials are subject to a plethora of rules often So voluminous ambiguous and contradictory and in such flux that the officials can only comply with or enforce them selectively in these circumstances Officials should not always err on the side of caution These situations develop rapidly. It's happening at night there You know, there there's a lot of a lot of there's patient care going on There's concern about what's going on in the freeway and there isn't necessarily an opportunity to have the full robust Consultation we might want post hoc. So looking at the the scope of discretion here. We just have to ask could a reasonable Could a reasonable officer is it beyond debate that a reasonable officer could have taken these actions? Well Yes, we have that we have that situation because there's no case law in point as they admit You don't want this to discuss it'll be some case law on the point. Do you? So this court has discretion to decide the first prong issue as well Under the first prong Because we we say that a reasonable officer could believe that consultation happened. That's all you need for Probable cause is a reasonable belief. You don't have to be actually 100% accurate a more Prudential or a more conservative way to handle this would be only under the second prong because as the Supreme Court is warned Highly idiosyncratic factual circumstances do not always create the best law and do not always create the best rules, okay Counsel I have a question for you and I guess my question go to To your friend on the other side of the case as well, is there any chance here that if we Deferred submission in the case temporarily to let Both parties decide if they both wanted to mediate Voluntarily That this case could go away In other words, what would your office? What want us to give that? option to the two parties or would you prefer that that the court give you a ruling that says when there's a dispute between police and fire personnel one side or the other wins Your honor, we are always interested in taking advantage of ADR options when they may produce a result That's more efficient and in the interests of the people of the state of California. I have understood Prior statements by a counsel for mr Gregoire to state that they would not be interested in getting rid of this case unless there was a certain Very public very transparent set of sort of rulemaking activity. They may have changed their perspective on that We've understood it's talking about referring you to the Ninth Circuit mediation unit. Have you been contacted by them to mediate this case yet or So I'm at a I'm actually not sure if actually the the exact circumstances would happen with the mediation the mediation procedure there Because I came on to this case recently through a change in counsel, so I apologize for not knowing that your honors I will again state that we're always interested in ADR ADR options We yeah, I don't I don't I don't know if they contact the parties in every case or not, but But your side would be interested in mediation. I'm hearing if Gregor was also interested Yes, your honor if and yes To be specific deferring the the decision here in favor of giving us an opportunity to to mediate Yes, we would be we would be interested If that if that doesn't happen, we remain confident that they admit there's no case on point There's no case on point that decides the second prong of the qualified immunity issue Okay, thank you, mr. Robinson, would you be interested in perhaps participating in mediation before our mediation unit I Believe so your honor. I'm perhaps not the right person to ask about that I'm principally the appellant lawyer, but I do understand kind of how the case is preceded And it's my understanding that there may I mean, I can't disclose too much in the way of settlement discussions I understand there have been settlement discussions and There may have actually been a mediation already. I'm not sure It was our understanding that the case essentially was settled and again I I don't want to represent something that may or may not be correct But it it's my belief at least that the CHP is the one that has pushed this appeal forward We're we're always interested in settlement talks and trying to make this go away And I think we've really tried to do that before having to go through all the briefing and everything else like that I don't know what the appropriate process would be at this stage. But yes, I I think we would be happy to accept deferred briefing or deferred ruling Council, I think the normal Type of order that we enter in some cases would be in order to the parties They would ask them to Advise if they both wanted to mediate Or we'd have the mediation office Contact the parties and we'd say that submission was deferred until the parties had a Time to respond to that and that if they wanted to mediate then we'd defer submission until the conclusion of the mediation I Believe that be absolutely appropriate. And then whenever we knew that it wasn't going to be mediated then we'd Proceed to develop an issue an opinion Yes, yes, your honor I we would we would be open to that certainly Okay. All right. Thank you very much counsel. Thank you. Your honor's Gregor versus CHP and floors Submitted and this session of the court is adjourned for today. Thank you both
judges: Wardlaw, Gould, Collins